IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:17-cr-00075-JO-4 |
| | ) | |
| v. | ) | |
| | ) | |
| RICARDO ANGUIANO CRUZ, JR. | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Ricardo Cruz (Cruz) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 273. Specifically, Cruz requests that his sentence be reduced to one of time served and that his conditions of supervised release be amended to include fourteen days of home confinement. The government opposes his motion. For the reasons that follow, I GRANT the motion in part.

### **BACKGROUND**

Cruz pleaded guilty to one count of conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. ECF No. 119. I sentenced Cruz to a 48-month term of imprisonment. ECF No. 224. Given his projected release date of November 9, 2020, Cruz has less than 5 months to serve. In April, 2020, before Cruz submitted a request for compassionate release, I wrote a letter to the warden at FCI Lompoc where Cruz is

incarcerated, requesting Cruz be allowed the maximum time in community corrections. ECF No. 276-1 at 1. Cruz then submitted a formal request for compassionate release. ECF No. 276-1 at 2-3. To date, I have not had a response to my letter. However, on May 4, 2020, the warden denied Cruz's request for compassionate release. ECF No. 276-1 at 4. That same day, Cruz was tested for COVID-19 (ECF No. 280 at 20) and on May, 8, 2020, was notified of a positive result. *Id.* According to the medical records, Cruz was examined every day for the following eleven days, after which he was deemed asymptomatic and released from medical isolation. *Id.*

## **LEGAL STANDARD**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has expressly authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). A defendant, however, may bring a motion for compassionate release only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's petition

or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define what constitutes "extraordinary and compelling" other than that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13.[1] The Note identifies extraordinary and compelling reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

---

[1] Because the Sentencing Commission's policy statement was not amended after enactment of the First Step Act, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 89-cr-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *Brown v. United States*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019)(canvassing district court decisions)) (quotation marked omitted). As explained by one court, "a majority of federal district courts have found that the most natural reading of the amended § 3582(c) and [28 U.S.C.] § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020).

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that "extraordinary and compelling" reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

The warden denied Cruz's request for compassionate release on May 4, 2020. Thirty days have elapsed since that denial. Cruz's motion is properly before me. *United States v. Alam*, 2020 WL 2845694 (6th Cir. June 2, 2020) (defendant's failure to satisfy administrative exhaustion requirement does not deprive a court of subject–matter jurisdiction.)

Cruz contends that the conditions at Lompoc provide a reason to grant him compassionate release. FCI Lompoc has been particularly hard hit in the pandemic. According to the BOP's coronavirus website, more than 880 inmates at FCI Lompoc have tested positive for COVID-19. In mid-April, the facility experienced a doubling of cases in one week. https://carbajal.house.gov/news/documentsingle.aspx?DocumentID=655. To try to contain the outbreak, the prison went into lockdown, confining inmates to their cells, and restricting or eliminating rehabilitative and educational programming. Def. Reply ECF No. 281 at 2. To date, the BOP has not set a date for Cruz's release to community corrections, despite his eligibility and my letter recommending he receive the maximum time in community corrections. When I combine that situation with the fact that Cruz has served 43 months of a 48 month sentence, had excellent performance while in prison, earned his GED, completed the RDAP program, and is eligible for release to community corrections, I find both extraordinary and compelling reasons for granting compassionate release.

Next I review the § 3553(a) factors.[2] I am persuaded that the applicable § 3553(a) factors support Cruz's request for compassionate release and that he will not pose a threat to the community under § 3142(g). I acknowledge the seriousness of Cruz's offense but also note that he played a minor role in the drug trafficking organization, mainly receiving and delivering packages, and had no significant decision-making authority in the organization. PSR, ECF No. 215 at 2. Cruz's criminal history consists mostly of misdemeanor driving offenses. *Id.* The BOP classified Cruz as a low-security inmate.

On the other hand, Cruz struggled while on pretrial release. He missed a drug test, changed his residence without the permission of his supervised release officer, and consumed alcohol and methamphetamine. ECF No. 199. Thus, because he still requires close supervision, I order Cruz to spend the remainder of his sentence in a residential reentry center.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), I find extraordinary and compelling reasons that warrant a reduction of Cruz's sentence. After considering the § 3553(a) factors, I find Cruz's history and character make him a good candidate for compassionate release. An amended judgment will be issued in this case. Cruz's sentence is reduced to time served, effective 14 days from the date of this order to allow Cruz to quarantine at FCI Lompoc. The judgment will include a new condition of supervised release that he be released to a residential reentry center until November 9, 2020. All previous general and special conditions remain in place. All other pending motions are denied as moot.

---

[2] In imposing a sentencing which is sufficient, but not greater than necessary a court considers *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).

Cruz's motion for compassionate release (ECF No. 273) is GRANTED in part.

IT IS SO ORDERED.

Dated this 19th day of June 2020.

Robert E. Jones
Senior United States District Judge